NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NENGHUI CAI; HE SHAO QIN; XU CAO,<br><br>      Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No. 23-186<br><br>Agency Nos.<br>A213-131-639<br>A213-131-636<br>A213-131-635<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2024**
Honolulu, Hawaii

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Nenghui Cai[1] petitions for review of a decision of the Board of Immigration

Appeals (BIA) dismissing an appeal from an order by an Immigration Judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Cai's true name is Nenghui Cao, but because the agency and the parties all refer to him as Cai, we do the same to minimize confusion.

denying asylum and withholding of removal on the ground that Cai's testimony in support of these applications was not credible.[2] We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022), we deny the petition for review.

1. The IJ found Cai's testimony not credible because Cai had initially represented that he was arrested in 2017, but later stated that he was arrested in 2015. Cai argues that this inconsistency was too trivial to support an adverse credibility determination. But unlike errors that we have deemed too trivial to support an adverse credibility finding, such as a "typographical error or a minor inconsistency about a date lacking any nexus to the petitioner's claim," *Kalulu v. Garland*, 94 F.4th 1095, 1104 n.6 (9th Cir. 2024), the inconsistency in Cai's testimony goes to the heart of his claims.

Cai's arrest and subsequent treatment constitutes the primary basis for his asylum and withholding claims. And the difference in dates was significant—Cai originally told an asylum officer that he had been arrested only six months before a

---

[2] The agency also denied protection under the Convention Against Torture (CAT), but Cai does not challenge the denial of CAT relief in this petition. Petitioners Xu Cao and He Shao Qin are derivative beneficiaries of Cai's asylum application, but because they did not file separate applications for withholding of removal or CAT protection they are ineligible for those forms of relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT relief).

credible fear interview, when in fact he had been arrested two and a half years beforehand. Our decision in *Ren v. Holder*, on which Cai relies, is distinguishable, as the improper adverse credibility determination in that case rested on mischaracterizations of the petitioner's testimony and minor inconsistencies. *See* 648 F.3d 1079, 1085–87 (9th Cir. 2011).

2. Cai also asserts that the IJ erred in failing to consider corroborating evidence in support of his claim that he had been arrested in 2015. To the contrary, the IJ did review this evidence and nonetheless found Cai not credible because of his inadequate explanation of his initial failure to remember the date. The record does not compel a different finding.[3]

**DENIED.**

---

[3] To the extent that Cai now argues the corroborating evidence he provided was sufficient to support his claims, even absent credible testimony, he has failed to exhaust this argument before the BIA, and we accordingly do not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).